OPINION
AMBRO, Circuit Judge.
Ater a jury trial, Appellant Stephen Thompson was convicted and sentenced to the ten-year mandatory minimum sentence [1] for violation of 18 U.S.C. § 2251(a). He was found not guilty by reason of insanity for the charged violation of 18 U.S.C. § 2252A(a)(5)(B).[2] He appeals his *486 conviction under § 2251(a), arguing that the District Court questioned his expert witnesses inappropriately. We have jurisdiction under 28 U.S.C. § 1291 and will affirm.
Thompson contends that the District Court’s questioning of Dr. Gary Glass deprived him of a fair trial and violated Fed.R.Evid. 704(b), which prohibits expert witnesses from testifying to the ultimate issue of a defendant’s sanity. The parties disagree about the appropriate standard of review. As discussed below, even assuming without deciding that we should not review for plain error,[3] we reject Thompson’s arguments.
First, the District Court’s questioning of Dr. Glass did not deprive Thompson of a fair trial. See, e.g., United States v. Beaty, 722 F.2d 1090, 1093 (3d Cir.1983) (describing our role in reviewing the conduct of a trial judge as to “determine whether his conduct was so prejudicial as to deprive [the defendant] of a fair, as opposed to a perfect, trial”). Its seven questions posed to Dr. Glass were but a snippet in a two-week trial, counsel for Thompson was able to question Dr. Glass further to address any perceived effect of the Court’s questioning, and the District Court instructed the jury not to discern from its questioning of Dr. Glass any bias or opinion as to the proper outcome of the trial. Moreover, the questions posed by the District Court did not pertain to the core of Thompson’s insanity defense, which was that he did not understand the moral wrongfulness of his actions, and they sought to minimize the effect of Dr. Glass’s previous inappropriate testimony about Thompson’s mental state.
Second, even assuming a violation by the District Court of Fed.R.Evid. 704(b), this does not merit reversal. If the District Court erred by asking questions that were highly likely to elicit Dr. Glass’ testimony about Thompson’s mental state,[4] that error was harmless for the reasons discussed above.[5]
Accordingly, we affirm the judgment of the District Court.

. The mandatory minimum sentence for violation of 18 U.S.C. § 2251(a) was raised to 15 years in April 2003. The Government does not contend that the conduct at issue in this case occurred after that date.

. We do not attempt to discern from the inconsistent verdicts either prejudice suffered by Thompson or lenity by the jury. See United States v. Powell, 469 U.S. 57, 65-66, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (explaining that in cases where the jury has reached a mixed verdict, that inconsistency might arise from lenity, mistake, or compromise, and in any event is not a basis for overturning a conviction).

. Under that standard we review for error, not raised at trial, that is plain and that affects substantial rights. United States v. Cotton, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). We correct such an error if it “seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.” United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

. We have explained that a prosecutor violates Rule 704(b) by asking questions plainly designed to elicit the expert’s testimony about the mental state of the defendant. See United States v. Watson, 260 F.3d 301, 308 (3d Cir.2001). We need not decide whether such a rule applies with equal force to questioning by the District Court, as we affirm even assuming that it does.

.Thompson also contends that the District Court's questioning of Dr. Joseph DiGiacomo was improper. Thompson's counsel conceded at oral argument that, because of the absence of a contemporaneous objection, we review that questioning for plain error. Nothing in the questioning of Dr. DiGiacomo rises to the level of reversible plain error. It is hard to imagine how those questions might prejudice Thompson, as they do no more than clarify the testimony of the witness. A District Court would be prohibited from asking almost any question if this questioning were plain error.